UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

ROBERT FELDMAN,                                    Docket No.: 1:18-cv-05095
                                                            (ILG) (RER)
                              Plaintiff,

              -against-


MALBA GARDENS OWNERS CORP., and           **ANSWER OF DEFENDANTS**
DIRECT MANAGEMENT CORP., and JAKE          **DIRECT MANAGEMENT**
DEMOSTHENOUS, individually,                        **AND**
                                           **JAKE DEMOSTHENOUS**


                              Defendants.
---------------------------------------------------------------------------X

      Defendants DIRECT MANAGEMENT CORP. and JAKE DEMOSTHENOUS (collectively, "Direct Management") by their attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby answer the Complaint filed by plaintiff Robert Feldman upon information and belief as follows:

## AS TO "NATURE OF CASE"

      1.      With respect to the allegations contained in paragraph "1" of the Complaint that set forth conclusions of law or consist of Plaintiff's characterization of the Complaint, no response is required.  Otherwise, Direct Management denies each allegation contained therein, specifically denies that he violated any federal or state law or engaged in wrongful conduct, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

      2.      Direct Management denies the allegations contained in paragraph "2" of the Complaint, except admits that, upon information and belief, Plaintiff was employed by Malba Gardens Owners Corp. from November 2013 until September 2017 and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

      3.      Direct Management denies the allegations contained in paragraph "3" of the

9407635v.3

Complaint and specifically denies that they violated any federal or state law or engaged in wrongful conduct, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

4.      Direct Management denies the allegations contained in paragraph "4" of the Complaint, specifically denies that they violated any federal or state law or engaged in wrongful conduct, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

5.      Direct Management denies the allegations contained in paragraph "5" of the Complaint as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

**AS TO "JURISDICTION AND VENUE"**

6.      With respect to the allegations contained in paragraph "6" of the Complaint that set forth conclusions of law, no response is required. Otherwise, Direct Management confirms that Plaintiff purports to invoke the jurisdiction of this Court and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

7.      With respect to the allegations contained in paragraph "7" of the Complaint that set forth conclusions of law, no response is required. Otherwise, Direct Management confirms that Plaintiff has elected to venue this action as set forth therein and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

**AS TO "PARTIES"**

8.      Direct Management denies the allegations contained in paragraph "8" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

9.      Direct Management denies the allegations contained in paragraph "9" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

10.      Direct Management denies the allegations contained in paragraph "10" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

11.      Direct Management denies the allegations contained in paragraph "11" of the Complaint, except admits that during the relevant statutory period, Jake Demosthenous was Direct Management's President and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

12.      Direct Management denies the allegations contained in paragraph "12" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## AS TO "BACKGROUND FACTS"

13.      Direct Management denies the allegations contained in paragraph "13" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

14.      Direct Management denies the allegations contained in paragraph "14" of the Complaint, except admits that, upon information and belief, Plaintiff was hired by Malba Gardens in 2013 to work as Malba Gardens' live-in superintendent, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

15.      Direct Management denies the allegations contained in paragraph "15" of the Complaint, except admits that, upon information and belief, Plaintiff was employed by Malba

9407635v.3

Gardens from November of 2013 until September of 2017 as Malba Gardens' live-in superintendent, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

16.     Direct Management denies the allegations contained in paragraph "16" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

17.     Direct Management denies the allegations contained in paragraph "17" of the Complaint, except admits that, upon information and belief, that Plaintiff resided in an apartment provided to him by Malba Gardens as part of his compensation relating to Plaintiff's employment as Malba Gardens' live-in superintendent, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact

18.     Direct Management denies the allegations contained in paragraph "18" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

19.     Direct Management denies the allegations contained in paragraph "19" of the Complaint as pled, except admits that, upon information and belief, Plaintiff performed the tasks typically performed by residential building superintendents for Malba Gardens, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

20.     Direct Management denies the allegations contained in paragraph "20" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

21.     Direct Management denies the allegations contained in paragraph "21" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the

9407635v.3

trier of fact.

22.     Direct Management denies the allegations contained in paragraph "22" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

23.     Direct Management denies the allegations contained in paragraph "23" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

24.     Direct Management denies the allegations contained in paragraph "24" of the Complaint, specifically avers that they did not violate any federal, state, or city law, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

25.     Direct Management denies the allegations contained in paragraph "25" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

26.     Direct Management denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

27.     Direct Management denies the allegations contained in paragraph "27" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

28.     Direct Management denies the allegations contained in paragraph "28" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## RESPONSE TO THE FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### Unpaid Minimum Wages Under the FLSA

29.     Direct Management repeats and reiterates each and every response to paragraphs "1" through "28" as if fully set forth at length herein as Direct Management's response to paragraph "29" of the Complaint.

30.     With respect to the allegations contained in paragraph "30" of the Complaint that set forth conclusions of law, no response is required. Otherwise, Direct Management denies each allegation contained therein as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

31.     Direct Management denies the allegations contained in paragraph "31" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

32.     Direct Management denies the allegations contained in paragraph "32" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

33.     Direct Management denies the allegations contained in paragraph "33" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

34.     Direct Management denies the allegations contained in paragraph "34" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

35.     Direct Management denies the allegations contained in paragraph "35" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

9407635v.3

**RESPONSE TO THE SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
**Unpaid Minimum Wages Under the NYLL and the NYCRR**

36.     Direct Management repeats and reiterates each and every response to paragraphs "1" through "35" as if fully set forth at length herein as Direct Management's response to paragraph "36" of the Complaint.

37.     With respect to the allegations contained in paragraph "37" of the Complaint that set forth conclusions of law, no response is required. Otherwise, Direct Management denies each allegation contained therein as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

38.     With respect to the allegations contained in paragraph "38" of the Complaint that set forth conclusions of law, no response is required. Otherwise, Direct Management denies each allegation contained therein as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

39.     Direct Management denies the allegations contained in paragraph "39" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

40.     Direct Management denies the allegations contained in paragraph "40" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

41.     Direct Management denies the allegations contained in paragraph "41" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

42.     Direct Management denies the allegations contained in paragraph "42" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the

9407635v.3

trier of fact.

43.     Direct Management denies the allegations contained in paragraph "43" of the

Complaint and respectfully refers all questions of law to the Court and all questions of fact to the

trier of fact.

**RESPONSE TO THE THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
**Unpaid Overtime Under the FLSA**

44.     Direct Management repeats and reiterates each and every response to paragraphs

"1" through "43" as if fully set forth at length herein as Direct Management's response to

paragraph "44" of the Complaint.

45.     With respect to the allegations contained in paragraph "45" of the Complaint that

set forth conclusions of law, no response is required. Otherwise, Direct Management denies each

allegation contained therein as pled and respectfully refers all questions of law to the Court and

all questions of fact to the trier of fact.

46.     Direct Management denies the allegations contained in paragraph "46" of the

Complaint and respectfully refers all questions of law to the Court and all questions of fact to the

trier of fact.

47.     Direct Management denies the allegations contained in paragraph "47" of the

Complaint and respectfully refers all questions of law to the Court and all questions of fact to the

trier of fact.

48.     Direct Management denies the allegations contained in paragraph "48" of the

Complaint and respectfully refers all questions of law to the Court and all questions of fact to the

trier of fact.

49.     Direct Management denies the allegations contained in paragraph "49" of the

Complaint and respectfully refers all questions of law to the Court and all questions of fact to the

trier of fact.

50.     Direct Management denies the allegations contained in paragraph "50" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## RESPONSE TO THE FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### Failure to Pay Timely Wages in Violation of the NYLL

51.     Direct Management repeats and reiterates each and every response to paragraphs "1" through "50" as if fully set forth at length herein as Direct Management's response to paragraph "51" of the Complaint.

52.     With respect to the allegations contained in paragraph "52" of the Complaint that set forth conclusions of law, no response is required. Otherwise, Direct Management denies each allegation contained therein as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

53.     Direct Management denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "53" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

54.     Direct Management denies the allegations contained in paragraph "54" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

55.     Direct Management denies the allegations contained in paragraph "55" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## RESPONSE TO THE FIFTH CLAIM FOR RELIEF
### Failure to Furnish Proper Wage Notice in Violation of the NYLL

56.     Direct Management repeats and reiterates each and every response to paragraphs

9407635v.3

"1" through "55" as if fully set forth at length herein as Direct Management's response to paragraph "56" of the Complaint.

57.     With respect to the allegations contained in paragraph "57" of the Complaint that set forth conclusions of law, no response is required. Otherwise, Direct Management denies each allegation contained therein as pled and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

58.     Direct Management denies the allegations contained in paragraph "58" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

59.     Direct Management denies the allegations contained in paragraph "59" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

60.     Direct Management denies the allegations contained in paragraph "60" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## AS TO "DEMAND FOR A JURY TRIAL"

61.     With respect to the allegations contained in paragraph "61" of the Complaint, no response by Direct Management is required.

## AS TO PLAINTIFF'S "PRAYER FOR RELIEF"

62.     Direct Management repeats and reiterates each and every response as previously set forth herein in response to the allegations incorporated in the preceding paragraphs.  Direct Management further denies that any relief is warranted in response to Plaintiff's request for assorted damages, costs, fees and other relief, specifically denies that any legally cognizable causes of action exists pursuant to any federal or state statutes or laws, and respectfully refers all

9407635v.3

questions of law to the Court and all questions of fact to the trier of fact.

## AFFIRMATIVE DEFENSES

63.    Direct Management sets forth the following affirmative defenses to the claims made in the Complaint. In doing so, Direct Management does not assume the burden of proof with respect to any of the affirmative defenses where the substantive law provides otherwise.

## FIRST AFFIRMATIVE DEFENSE

64.    The Complaint fails to state a cause of action upon which relief may be granted and specifically fails to state any legally cognizable wage and hour claim against Direct Management.

## SECOND AFFIRMATIVE DEFENSE

65.    There is no private right of action to assert a claim against Direct Management under New York Labor Law § 191(1)(a) relating to the frequency of Plaintiff's pay.

## THIRD AFFIRMATIVE DEFENSE

66.    Plaintiff never suffered nor was permitted to work on behalf of Direct Management nor did he perform any work or services on behalf of Direct Management.

## FOURTH AFFIRMATIVE DEFENSE

67.    Subject to proof through discovery, Plaintiff has failed in whole or in part, to mitigate his purported damages.

## FIFTH AFFIRMATIVE DEFENSE

68.    Any damages awarded to Plaintiff would result in unjust enrichment.

## SIXTH AFFIRMATIVE DEFENSE

69.    At all relevant times, Direct Management acted in good faith and has not violated any rights that may be secured to Plaintiff under any federal, state, or city statute or law.

9407635v.3

## SEVENTH AFFIRMATIVE DEFENSE

70.     The Complaint fails to state a claim against Direct Management upon which liquidated damages can be awarded.

## EIGHTH AFFIRMATIVE DEFENSE

71.     The Complaint fails to state a claim against Direct Management upon which punitive damages can be awarded.

## NINTH AFFIRMATIVE DEFENSE

72.     The Complaint fails to state a claim against Direct Management upon which attorneys' fees or costs can be awarded.

## TENTH AFFIRMATIVE DEFENSE

73.     Direct Management is not a joint enterprise, single integrated employer, or any other such joint venture, with any entity in this matter.

## ELEVENTH AFFIRMATIVE DEFENSE

74.     Plaintiff's Complaint or some parts thereof may be barred by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

75.     At no time did Direct Management ever employ or otherwise control the conditions of Plaintiff's employment.

## THIRTEENTH AFFIRMATIVE DEFENSE

76.     Plaintiff was never a party to any employment contract or agreement with Direct Management.

## RESERVATION TO AMEND

77.      Direct Management specifically reserves his right to amend and plead any and all Affirmative Defenses that may become known to him during the course of discovery.

9407635v.3

## DIRECT MANAGEMENT'S PRAYER FOR RELIEF

**WHEREFORE**, Direct Management respectfully prays that the Court enter judgment as follows:

1.  Dismissing Plaintiff's Complaint in its entirety;

2.  Granting Direct Management costs and disbursements of defending this action; and

3.  Granting any further or different relief that this Court deems just and equitable.

Dated:      New York, New York
            November 21, 2018

                                        **WILSON, ELSER, MOSKOWITZ,
                                        EDELMAN & DICKER LLP**

                            By:         */s/ Celena R. Mayo*
                                        Celena R. Mayo
                                        Justin A. Guilfoyle
                                        *Attorneys for Defendants*
                                        *Malba Gardens Owners Corp.,*
                                        *Direct Management Corp., &*
                                        *Jake Demosthenous*
                                        150 East 42nd Street
                                        New York, New York 10017-5639
                                        Ph: (212) 490-3000
                                        Fx: (212) 490-3038
                                        Our File No.: 20755.00001
                                        *Celena.Mayo@wilsonelser.com*
                                        *Justin.Guilfoyle@wilsonelser.com*

9407635v.3